450 A.2d 67

**Dorothy PASHAK, Appellant,**

**v.**

**Marvin I. BARISH, Esquire**

**and**

**Adler, Barish, Daniels, Levin and Creskoff, A Partnership.**

Superior Court of Pennsylvania.

Argued March 3, 1982.

Filed Aug. 27, 1982.

Lee A. Solomon, Philadelphia, for appellant.

Susan Warnock, Philadelphia, for appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing her complaint with prejudice. We disagree and, accordingly, affirm the order of the court below.

In May 1976, appellant's husband, William Pashak,[1] was injured while working as a longshoreman. In September of that year, he sued the ship's owner in federal court alleging that the ship was unseaworthy and that the shipowner had been negligent. Shortly thereafter, Mr. Pashak retained appellees as his attorneys to prosecute the federal action. In 1979, appellees recommended, and Mr. Pashak agreed, to settle the case for $100,000. Mr. Pashak executed a release and subsequently received the settlement proceeds net of appellees' fees. Later, he was notified that, contrary to appellees' advice, his statutory compensation benefits would

---

1. Mr. Pashak is still alive.

be terminated due to the settlement. Appellant also learned that she might be precluded from recovering any such benefits as a consequence of her husband's settlement. In December 1980, appellant commenced this action in assumpsit and trespass alleging that through appellees' malpractice she "has been precluded from ever receiving any [statutory] compensation benefits." Appellees filed preliminary objections alleging, *inter alia,* that appellant's loss was too conjectural and remote to warrant recovery in a malpractice action. The lower court agreed with appellees and dismissed appellant's complaint with prejudice. This appeal followed.

■■■ Appellant contends that the lower court erred in concluding that her loss was too conjectural and remote to warrant recovery in a legal malpractice action. "[W]hen it is alleged that an attorney has breached his professional obligations to his client, an essential element of the cause of action, whether the action be denominated in assumpsit or trespass, is proof of *actual loss.*" *Duke & Co. v. Anderson,* 275 Pa.Superior Ct. 65, 73, 418 A.2d 613, 617 (1980) (assumpsit). *Cf. Schenkel v. Monheit,* 266 Pa.Superior Ct. 396, 405 A.2d 493 (1979) (trespass). To maintain a cause of action, a third party to the attorney-client relationship must likewise prove he has suffered actual damages as a result of the attorney's malpractice. *See Guy v. Liederbach,* 279 Pa.Superior Ct. 543, 547, 421 A.2d 333, 336 (1980) (applying *Schenkel* to beneficiary's action for negligent execution of will) (petition for allowance of appeal granted November 15, 1980). " 'The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for [malpractice].' " *Schenkel v. Monheit, supra,* 266 Pa.Superior Ct. at 399, 405 A.2d at 494, quoting *Budd v. Nixen,* 6 Cal.3d 195, 200, 491 P.2d 433, 436–37, 98 Cal.Rptr. 849, 852 (1971).

It is generally accepted that an attorney is not liable for any damages which are remote or speculative. The test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifi-

able damages. *The mere possibility or even probability that the plaintiff will sustain an injury at some future time does not alter the speculative nature of the damage claim or support a cause of action for legal malpractice.*

. . . .

Thus, damages are speculative only if the uncertainty concerns the *fact* of damages rather than the *amount.* R. Mallen & V. Levitt, *Legal Malpractice* § 302 (2d ed. 1981) (emphasis added and footnotes omitted). *Accord,* D. Meiselman, *Attorney Malpractice: Law and Procedure* § 4:1 (1980).[2] The lower court reasoned that appellant's loss was too conjectural and remote because her rights would not vest until her husband's death and were conditional upon her surviving him. We agree. Sections eight and nine of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 908(d), 909, provide certain post mortem disability and death benefits to the survivors of injured longshoremen.

The only difference of present importance between the death benefits provided for in sections 8 and 9 is that the former are for the benefit of the survivors of one who suffered from permanent *partial* disability while the latter are for the survivors of one who suffered from permanent *total* disability. . . . In either situation, death benefits are recoverable by a unique class of claimants, namely survivors, and are payable, if at all, only in the event of death, an event distinct from the original injury.

**2.** Accordingly, appellant's reliance upon *Kaczkowski v. Bolubasz,* 491 Pa. 561, 421 A.2d 1027 (1980), is misplaced. While the court there recognized that damages need not be proven with mathematical certainty, *id.,* 491 Pa. at 567, 421 A.2d at 1030, the victim had suffered actual loss—loss of life itself. The difference between actual and speculative loss transcends mere difficulties in application of the actuarial sciences to a sufficient evidentiary base. As discussed in text below, appellant has not yet suffered, and may never suffer, the harm she alleges. Her bald assertion that she could present a sufficient evidentiary basis for valuing her claim is simply insufficient to change the speculative nature of her claim. *Cf. Balush v. Borough of Norristown,* 292 Pa.Superior Ct. 416, 420, 437 A.2d 453, 455 (1981) (when appellant presented, via timely petition for reconsideration of dismissal of complaint, *evidence* which would cure defective pleading, appellate court would permit leave to amend).

*St. Louis Shipbuilding & Steel Co. v. Casteel,* 583 F.2d 876, 877–78 (8th Cir. 1978) (emphasis in original). " 'When death occurs, a new cause of action arises which requires an adjudication on all questions such as accident, notice of death, claim, causal relationship and dependency.' " *Puig v. Standard Dredging Corp.* 599 F.2d 467, 469 (1st Cir. 1979) (citations omitted). "It could not be known, until the death[ ] occurred, whether there would be any available survivors(s) or, if so, who those survivor(s) would be." *Todd Shipyards Corp. v. Witthuhn,* 596 F.2d 899, 902 (9th Cir. 1979). Appellant would be entitled to benefits under the Act only if she were his surviving widow—requiring "a conjugal nexus between the claimant and the decedent subsisting at the time of the latter's death." *Thompson v. Lawson,* 347 U.S. 334, 336–37, 74 S.Ct. 555, 557, 98 L.Ed. 733, 738 (1954). *See generally* 33 U.S.C.A. § 902(16). Moreover, the amount of her recovery would depend upon whether they would have any surviving children. *See id.* §§ 908(d), 909. Under these circumstances, it is readily apparent that appellant has not alleged, and could not amend her complaint to allege, the requisite harm to sustain her cause of action. Accordingly, the lower court properly sustained the preliminary objections and dismissed the complaint. *See Behrend v. Yellow Cab Co.,* 441 Pa. 105, 110, 271 A.2d 241, 243 (1970) ("when the initial pleading indicates that the claim asserted cannot be established," the principle permitting liberal amendment does not apply).[3]

Affirmed.

---

**3.** Because of our disposition of this matter, we need not decide whether appellant's trespass count was barred by her lack of privity, and whether, on her assumpsit count, she was a third party beneficiary of the retainer agreement between her husband and appellees.