600 A.2d 225

C. Richard LOGAN, Appellant,

v.

MIRROR PRINTING COMPANY OF ALTOONA, PA., a corporation, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 11, 1991.

Filed Dec. 18, 1991.

J. Bradley Kearns, Pittsburgh, for appellant.

John Fleming, Pittsburgh, for appellee.

Before WIEAND, CIRILLO and MONTGOMERY, JJ.

WIEAND, Judge:

If a newspaper fails to print a political advertisement in accordance with its contract to do so, is the newspaper liable to a losing candidate for the emoluments of office which the candidate would have earned if elected? The trial court held that there could be no such recovery and entered summary judgment in favor of the newspaper. The candidate appealed. We affirm.

C. Richard Logan, a candidate for re-election to the Board of Commissioners of Blair County, entered into a contract with the Altoona Mirror by the terms of which the newspaper was to print five advertisements promoting Logan's candidacy. Three of these ads were to be published in the Mirror's edition of November 5, 1987, and two ads were to be published in the edition of November 7, 1987. The Mirror published two of Logan's political ads on November 5, 1987 and one on November 7, 1987. It failed to publish a third ad on November 5, 1987 and a second ad on the day before election.

In addition to the advertisements placed with the Altoona Mirror, Logan advertised his campaign by means of other print media including the Tyrone Herald, the Shoppers' Guide of Blair County, and the Morrisons Cove Herald. The campaign also utilized radio advertisements placed with local stations WJSM, WKMC, WHPA, WRTA, WFBG, WVAM, and WTRN.

When the election tallies were counted on November 8, 1983, Logan had lost his seat by 79 votes: 12,846 votes (49.85%) for Logan and 12,925 (50.15%) for his opponent. Logan subsequently commenced an action against the Altoona Mirror, alleging that the breach of contract had caused him to lose the election.

In order to recover for damages pursuant to a breach of contract, the plaintiff must show a causal connection between the breach and the loss. *Exton Drive–In, Inc. v. Home Indemnity Co.,* 436 Pa. 480, 261 A.2d 319 (1969);

*Adams v. Speckman,* 385 Pa. 308, 122 A.2d 685 (1956); *Taylor v. Kaufhold,* 368 Pa. 538, 84 A.2d 347 (1951).

> Where one party to a contract, without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provides otherwise, whatever damages he suffered, *provided* (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty.

*Taylor v. Kaufhold, supra,* 368 Pa. at 546, 84 A.2d at 351 (emphasis added).

In the instant case, Logan argued that his election loss was "either the natural and ordinary result or a reasonably foreseeable result of inadequate advertising." The trial court held that Logan's claim was too speculative.

■ In reviewing an order granting summary judgment, an appellate court must determine whether there is a genuine issue of triable fact. *Bowman v. Sears, Roebuck and Co.,* 245 Pa.Super. 530, 369 A.2d 754 (1976). The granting of the summary judgment can be sustained only if the pleadings, depositions, answers to interrogatories and admissions show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. *O'Boyle v. J.C.A. Corporation,* 372 Pa.Super. 1, 538 A.2d 915 (1988).

■ In our judgment, Logan's alleged damages are entirely too speculative and cannot be proved with sufficient certainty to permit recovery. The Pennsylvania Supreme Court has held:

> [A] party seeking damages for breach of contract "must be able to prove such damages with reasonable certainty." *Wilcox v. Regester,* 417 Pa. 475, 484, 207 A.2d 817 (1965). See also *Nakles v. Union Real Estate Co. of Pgh.,* 415 Pa. 407, 411, 204 A.2d 50 (1964). "Compensation for breach of contract cannot be justly refused

because proof of the exact amount of loss is not produced ... [T]he law does require ... that the evidence shall with a fair degree of probability establish a basis for the assessment of damages." *Massachusetts Bonding & Ins. Co. v. Johnston & Harder, Inc.*, 343 Pa. 270, 280, 22 A.2d 709 (1941).

*Exton Drive-In, Inc. v. Home Indemnity Co., supra* 436 Pa. at 488, 261 A.2d at 324.

The Superior Court has observed that "the test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages.... Thus, damages are speculative only if the uncertainty concerns the *fact* of damages rather than the *amount*." *Pashak v. Barish*, 303 Pa.Super. 559, 561–562, 450 A.2d 67, 69 (1982) (emphasis in original). Accordingly, it was held in *Pashak* that recovery could not be had against a lawyer for legal malpractice in allowing a client, as part of a settlement, to sign a release barring future recovery of statutory compensation benefits where the right to such future recovery was entirely speculative.

Consistently with the holding in *Pashak v. Barish, supra,* we conclude that appellant's contention that he would have won the election if the Altoona Mirror had printed his third ad on November 5, 1987 and a second ad on the day before election was entirely too speculative. Therefore, appellant cannot recover in this action the salary, pension benefits and other emoluments of office which he would have enjoyed if he had been elected to office.

Appellant argues that his losses can be proved with reasonable certainty by the testimony of a public relations consultant, William J. Green, who would testify that additional advertising would have helped appellant win the election. However, Green's testimony was based on only the following two factors: (1) Logan's advertising expenditures and (2) the closeness of the election. His opinion failed to take into consideration any number of additional factors which may have affected the result of the election.

These factors include, inter alia, Logan's qualifications for office, his performance while in office, his stand on issues of concern to the community, his message, and the strength of the opposition. Green also failed to give consideration to the fact that Logan's campaign material had reached the members of the voting public by other advertisements appearing in the print and radio media. Green's testimony was, of necessity, as speculative as the issue of loss on which appellant's action was based. His testimony cannot establish with sufficient certainty that the results of the election would have been different if the Altoona Mirror had printed two additional ads in the days preceding the election. Under these circumstances, the trial court did not err when it entered summary judgment in favor of the newspaper.

Affirmed.