**Saloom v. Stepanian**

*Henry H. Wallace,* for plaintiffs
*James R. Schadel,* for defendants.

RAUSCHENBERGER, *P.J.*, October 1, 1992—This court is presented with these preliminary objections by defendants. Plaintiffs' complaint contains eight counts all stemming from defendants' representation of plaintiffs' decedents in the form of estate preparation and representation concerning an automobile accident.

## COUNTS I & II

Defendants' demurrer to Counts I and II is granted. In *Muhammad v. Strassburger, McHenna*, 526 Pa. 541, 587 A.2d 1346 (1991), the court states:

"Simply stated, we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which the plaintiff has agreed, unless that plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles, when the client has agreed to a settlement. Rather, only cases of fraud should be actionable." *Id.* at 546, 587 A.2d at 1348.

The *Muhammad* case makes it clear that an action for malpractice based on a settlement agreement must sound in fraud and not in negligence or breach of contract. *Id.* at 552-53, 587 A.2d at 1351-52. Plaintiffs in *Muhammad* attempted to plead fraud by alleging "evil motive with an attempt to deceive and mislead." *Id.* at 553, 587 A.2d at 1352. The court states that bare allegations of "evil motive" are insufficient to plead fraud, and further facts are necessary to support the defendants' "evil motives." *Id.* at 553, 587 A.2d at 1352.

In the instant case, plaintiffs plead that defendants "intentionally, knowingly, and/or recklessly" misrepresented the law. However, like plaintiffs in *Muhammad*, no facts are pled demonstrating intent. Furthermore, paragraph 27(d) pleads "intentionally" under a heading of "negligence." Based on *Muhammad*, this court fails to see any facts in the complaint that fulfill the scienter requirement of fraud.

## COUNTS III & VII

Defendants' demurs to Counts III and VII are granted. Counts III and VII allege negligence in the estate planning of Mary Saloom. However in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), the court makes it clear that strict priority requirements underlie any claims for negligent malpractice. *Id.* at 51, 459 A.2d at 746. Under *Guy*, intended third-party beneficiaries of a will are to seek recovery under contract principles and not under negligence principles as plaintiffs' Counts III and VII attempt to do. This court notes that in their brief plaintiffs style Counts III and VII as based on malpractice in the beneficiary designations under the annuity and the pension. This does not comport with the actual counts in the complaint which allege negligent estate planning.

## COUNTS V & VI

Counts V and VI allege negligence and breach of contract for the negligent estate planning of Dr. Saloom. Based on *Guy*, Count V, the negligence count, cannot stand. As for the contract claim, Count VI, David Tyree, executor of the estate of Mary Saloom, has standing to assert a claim on behalf of Mary Saloom because she

was the intended beneficiary of Dr. Saloom's will. The novel question presented to this court is whether the contingent beneficiaries of Dr. Saloom's estate, who are also the intended beneficiaries of Mary Saloom's estate, can maintain a contract action for the planning of Dr. Saloom's estate. The theory behind this is that Mary Saloom's estate was effected by Dr. Saloom's estate and therefore the intended beneficiaries of Mary Saloom's estate have standing to sue for the planning of Dr. Saloom's estate. To allow such a claim would be an extension of the third-party beneficiary analysis enunciated in *Guy.* Simply put, this court is unwilling to go beyond the boundaries established by our Supreme Court in *Guy.* Therefore, the intended beneficiaries under Mary Saloom's will do not have standing in Count VI.

## DAMAGES TOO SPECULATIVE

Defendants demur alleging that damages in this case are too speculative. Damages are speculative only if the uncertainty concerns the fact of damages rather than the amount. *Pashak v. Barish,* 303 Pa. Super. 559, 562, 450 A.2d 67, 69 (1982). There is no case law offering meaningful guidance on the issue of damages in a case such as this one. Plaintiffs' brief states "these testators could have disposed of their property exactly as they intended, and at the same time, minimize adverse tax consequences." The complaint alleges adverse tax consequences as the damages suffered. If the decedents' basic intent could have been effectuated in a manner that would have required less taxes being paid, this court believes damages have been suffered. However, a more specific pleading is required on the issue of damages.

The "alternatives" and the "unnecessary" tax liability need to be pled more specifically. Inherent in doing this is a more specific pleading regarding the decedents' intent.

## MOTION TO STRIKE

Defendants' motion to strike the claims for attorney's fees and punitive damages is granted. The complaint is devoid of any facts establishing bad motive, wilfullness, or recklessness on behalf of defendants.

## ORDER OF COURT

And now, October 1, 1992, in accordance with the foregoing memorandum opinion, It is ordered as follows:

(1) Defendants' demurrer to Counts I and II is granted.

(2) Defendants' demurrer to Counts III and VII is granted.

(3) Defendants' demurrer to Count V is granted.

(4) Defendants' demurrer to Count VI is granted in part. David Tyree has standing but the remaining plaintiffs do not.

(5) Defendants' motion for more specific pleading is granted regarding the issue of damages.

Plaintiffs have 30 days from the date of this order to file an amended complaint.