12-3522-cv
Buckley v. Deloitte & Touche U.S.A. L.L.P.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand and thirteen.

Present:
    PIERRE N. LEVAL,
    PETER W. HALL,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges,*

_____

Dennis J. Buckley, as trustee of the DVI Liquidating Trust,

        *Plaintiff-Appellant*,

        v.                                                    No. 12-3522-cv

Deloitte & Touche USA LLP, Deloitte & Touche LLP,

        *Defendants–Appellees*.

_____

FOR APPELLANT:          Finley T. Harckham and Dennis J. Artese, Anderson Kill & Olick, P.C., New York, NY.


FOR APPELLEES:          David L. Comerford and Jeffery A. Dailey, Akin Gump Strauss Hauer & Feld LLP, Philadelphia, PA.

                        Rex S. Heinke and Jessica M. Weisel, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA.

_____

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dennis J. Buckley, acting in his capacity as bankruptcy trustee on behalf of DVI, Inc. ("DVI"), appeals from the district court's judgment granting the motions of Deloitte & Touche USA LLP and Deloitte & Touche LLP (collectively, "Deloitte") for summary judgment and to exclude the testimony of Buckley's expert witness, Michael J. Epstein. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Decision Granting Motion to Exclude Epstein's Testimony

We review a district court's decision to exclude expert testimony for abuse of discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). "The exclusion of a proposed expert witness will not constitute an abuse of discretion unless it is manifestly erroneous." *In re Bd. of Directors of Telecom Argentina, S.A.*, 528 F.3d 162, 175 (2d Cir. 2008) (internal quotation marks omitted).

As a preliminary matter, we reject Buckley's argument that, because Epstein had purportedly resigned as Buckley's expert witness before Deloitte's motion to exclude Epstein's testimony was decided, the relief requested in that motion was moot and granting it was an abuse of discretion. Deloitte's motion can be construed as requesting a viable form of relief, regardless of whether Epstein had resigned as Buckley's expert witness. Notwithstanding that Epstein had resigned, at least in theory he could have later agreed to testify at trial. Deloitte was therefore entitled to a ruling on whether Epstein's testimony was inadmissible. *See, e.g., Major League*

2

*Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (noting that, under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), "the district court functions as the gatekeeper for expert testimony, whether proffered at trial or in connection with a motion for summary judgment," and that "[a]n expert's opinions that are without factual basis and are based on speculation or conjecture are . . . inappropriate material for consideration on a motion for summary judgment" (citation and internal quotation marks omitted)); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."). And if Buckley's point is that the district court should have considered Epstein's testimony out of the case, then Buckley could not rely on it to defend against Deloitte's motion for summary judgment. To the extent Buckley argues that the district court should have granted him a continuance or modified the summary judgment schedule so that he could obtain a new expert witness, he did not request such relief despite having an opportunity to do so, and there is no basis for concluding that the district court abused its discretion in declining to grant such relief *sua sponte*.

As to the merits, for substantially the same reasons as those stated in its decision, the district court did not abuse its discretion in excluding Epstein's report as lacking a sufficient factual basis. *See Buckley v. Deloitte & Touche USA LLP*, 888 F. Supp. 2d 404, 412-14 (S.D.N.Y. 2012). Epstein opined that, had Deloitte reported that DVI's "loan loss reserve" was materially understated on any of the four alleged "breach dates," DVI's Board of Directors would have successfully restructured DVI or liquidated DVI. Epstein further opined that, with respect to the first three of those dates, the Board would have adopted particular restructuring plans and DVI's lenders would have supported those plans. The district court acted well within

3

its discretion in excluding these opinions as unduly speculative, as "there is simply too great an analytical gap," *General Elec. Co.*, 522 U.S. at 146, between the principal bases for the opinions—Epstein's experience as a restructuring expert and DVI's financial statements—and the opinions themselves. While Buckley argues that the district court's decision "sets an impermissible hurdle that no plaintiff asserting claims of auditor liability . . . ever could surpass," Appellant's Br. at 34-35, this argument overlooks the fact that the district court identified several specific examples of types of evidence that Epstein could have incorporated into his report to lend factual support to his opinions. *See Buckley*, 888 F. Supp. 2d at 413-14. These examples included the views of DVI's former Board members and lenders regarding the restructuring or liquidation plans that they purportedly would have adopted or supported. *Id.*

## II. Decision Granting Summary Judgment

Additionally, for substantially the same reasons as those stated in its decision, the district court properly granted Deloitte's summary judgment motion, which the parties have stipulated is governed by Pennsylvania law. *Id.* at 415-20. In short, absent Epstein's opinions, there is insufficient evidence in the record to permit a reasonable juror to find that (1) but for Deloitte allegedly failing to disclose that DVI's loan loss reserve was materially understated on the alleged breach dates at issue, the Board would have restructured or liquidated DVI; or (2) but for Deloitte allegedly failing to disclose that DVI's loan loss reserve was materially understated on the first three breach dates, the Board would have adopted the particular restructuring plans described by Epstein, and DVI's lenders would have supported those plans. A different conclusion is not warranted by the sporadic deposition testimony of former DVI Board members and management that Buckley relies on in his brief. As the district court recognized, none of that testimony suggests that the Board would have restructured DVI in the manner described by

4

Epstein or would have liquidated DVI in response to discovering that DVI's loan loss reserve was understated. *See id.* at 417-18. In any event, for the reasons stated in its decision, the district court correctly determined that Buckley's evidence failed to show that what was alleged to have been Deloitte's tortious conduct was a proximate cause of DVI's injury as a matter of law. *See id.* at 419-20.

Finally, given that Buckley "must show a causal connection between the breach and the loss" in order to establish his breach of contract claim, *Logan v. Mirror Printing Co.*, 600 A.2d 225, 226 (Pa. Super. 1991), the district court properly dismissed that claim for the same reasons.

## III.    Conclusion

We have considered Buckley's arguments relevant to the causation issues discussed above and find them to be without merit. Because our ruling on causation justifies affirmance of the district court's summary judgment decision, we have no need to address the other issues Buckley raises. Accordingly, the district court's judgment is **AFFIRMED**. Additionally, Buckley's motion to modify the record pursuant to Fed. R. App. 10(e) is **DENIED**, as he has not identified a valid basis for modifying the record under that Rule. Finally, Deloitte's motion to strike the portions of Buckley's reply brief that rely on the affidavit of Dennis J. Artese, counsel for Buckley, is **GRANTED**. Because Artese's affidavit is not part of the record, Buckley may not rely on it in support of the merits of his appeal. *See Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5