J-A31034-15

2016 PA Super 18

| THE PRINTED IMAGE OF YORK, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MIFFLIN PRESS, LTD., D/B/A THE PRINTED IMAGE OF YORK, LLC, PAMELA A. KERR AND JOHN CONWAY, | |
| Appellees | No. 693 MDA 2015 |

Appeal from the Judgment Entered March 24, 2015
in the Court of Common Pleas of York County
Civil Division at No.: 2010-SU-2355-01

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

OPINION BY PLATT, J.:                          **FILED JANUARY 29, 2016**

Appellant, The Printed Image of York, Inc., appeals from the trial court's order entering judgment in favor of Appellees, Mifflin Press, Ltd., d/b/a The Printed Image of York, LLC, Pamela A. Kerr, and John Conway, in accordance with its entry of a nonsuit in favor of Appellees in this breach of contract case.  We affirm.

We take the relevant facts and procedural history from the trial court's May 29, 2015 opinion and our independent review of the record.  On May 10, 2010, Appellant filed a complaint against Appellees, alleging breach of the parties' July 25, 2006 contract, pursuant to which Appellant sold Mifflin

_____

[*] Retired Senior Judge assigned to the Superior Court.

Press Ltd. a printing business known as "The Printed Image of York."[1]

Pursuant to the contract, Appellees made an initial payment of $1,500.00 at closing. Appellees were also required to make payments referred to as "commission" payments over a three-year period, consisting of a certain percentage of monthly gross sales, if the sales were generated from Appellant's existing customer base.[2] If a customer overlapped between the parties, Appellees would pay a commission only if the sale pertained to existing work that Appellant had already performed for that customer.

At the September 2014 jury trial, John Conway testified that Appellees made four commission payments to Appellant, in the amounts of $356.71, $776.18, $510.03, and $1,033.55, with the last payment made in January 2007. (**See** N.T. Trial, 9/11/14, at 130, 132-34).[3] Appellant deemed the documentation Appellees provided during discovery regarding commission payments unusable to calculate damages because it was heavily redacted.[4]

_____

[1] Appellees John Conway and Pamela A. Kerr own Mifflin Press Ltd. Richard Prosser owns Appellant, The Printed Image of York, Inc.

[2] Specifically, a 10% rate was to be paid for the first twelve-month period, and then decrease to 7.5% and 5%, respectively, for each twelve-month period thereafter. (**See** Plaintiff's Exhibit 1, Agreement of Sale, 7/25/06, at unnumbered page 1 ¶ 2).

[3] Richard Prosser testified that Appellees made only two commission payments. (**See** N.T. Trial, 9/11/14, at 177-79).

[4] This revenue sales report was admitted into evidence as Plaintiff's Exhibit 4. (**See** N.T. Trial, 9/11/14, at 114, 148, 227). The cover letter states that customer names that are not relevant had been redacted. (**See** Plaintiff's

*(Footnote Continued Next Page)*

Mr. Prosser prepared calculations based on Appellant's own sales in the three-year period preceding execution of the contract, which had steadily declined. Mr. Prosser calculated commissions based on all sales during that time-period, and he provided no testimony regarding how to determine which customers overlapped with Appellees' customers. At the close of Appellant's case, Appellees moved for a nonsuit based on their belief that Appellant failed to prove damages.

On September 15, 2014, the court entered an order granting a nonsuit in favor of all Appellees and stated its finding that Appellant failed to establish a right to relief based on the lack of evidence of specific damages. (**See** Order, 9/15/14, at 1-2). On September 22, 2014, Appellant filed a timely motion for post-trial relief in accordance with Pennsylvania Rule of Civil Procedure 227.1(c)(1), requesting removal of the nonsuit. The court ordered submission of briefs, and the parties filed briefs in March of 2015, following transcription of the trial record. On March 24, 2015, the court issued its order entering judgment in favor of Appellees in accordance with its previous order granting the nonsuit. (**See** Order, 3/24/15). The court also stated that it no longer had jurisdiction in this matter because it failed to rule upon Appellant's motion for post-trial relief within 120 days. (**See**

_(Footnote Continued)_ ─────────────────

Exhibit 4, 6/20/11, at unnumbered page 1). Although Appellant considered the document unreliable due to the redactions, it did not seek an un-redacted copy prior to trial. (**See** N.T. Trial, 9/11/14, at 159-63, 167-68, 187-88, 204).

*id.*); *see also* Pa.R.C.P. 227.4(1)(b).[5]  On April 20, 2015, Appellant filed a

timely notice of appeal.[6]

_____

[5] Rule 227.4 provides in pertinent part:

> [T]he prothonotary shall, upon praecipe of a party:
>
> (1) enter judgment upon a nonsuit by the court . . . if
>
> \*   \*   \*
>
> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion.  A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration[.]

Pa.R.C.P. 227.4(1)(b).

Thus, Rule 227.4 authorizes the **prothonotary**, upon **praecipe of a party**, to enter judgment upon a nonsuit by the court where the court fails to dispose of post-trial motions within 120 days, and provides that such judgment is final.  **See id.**  However, in the instant case, no party filed a praecipe for judgment on the nonsuit; therefore, the court was not deprived of jurisdiction to rule on the post-trial motion.  **See id.**, explanatory comment—1995 (stating that filing of praecipe for judgment is optional, that parties may await decision of trial court, and that "[t]he rule does not provide an automatic limit upon the time in which the court may make its ruling [but rather] provide[s] a time standard by which the parties and the court may proceed.").

[6] Appellees claim that this appeal is untimely because Appellant filed its notice of appeal more than thirty days after the court issued its order entering the nonsuit.  (**See** Appellees' Brief, at 3-6).  However, "[u]nder our Appellate Rules, an appeal in a civil case in which post-trial motions are filed lies from the entry of judgment."  **Billig v. Skvarla**, 853 A.2d 1042, 1048 (Pa. Super. 2004) (citations omitted).  Because Appellant filed its notice of appeal within thirty days of entry of judgment, this appeal is timely.  **See id.**; *see also* Pa.R.A.P. 903(a).

Appellant filed a timely concise statement of errors complained of on appeal on May 15, 2015, pursuant to the trial court's order. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on May 29, 2015, in which it discussed the merits of Appellant's post-trial motion. *See* Pa.R.A.P. 1925(a).

Appellant raises two issues for our review:

I. Did the trial court err in its March 24, 2015 order finding it lacked jurisdiction to rule upon [Appellant's] motion for post-trial relief and directing judgment in favor of [Appellees]?

II. Did the trial court err in its September 15, 2014 order entering compulsory non-suit as to all [Appellees] and its subsequent denial of [Appellant's] post-trial motion to remove the non-suit?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

Appellant first argues that the trial court erred in finding that it no longer had jurisdiction to rule upon Appellant's motion for post-trial relief because it did not dispose of the motion within 120 days. (*See* Appellant's Brief, at 13-15). Appellant further asserts that the trial court was required to file an opinion addressing the merits of the post-trial motion, and to "suggest what relief it would have granted" if it had ruled on the motion on the merits. (*Id.* at 16). Appellant posits that this Court should remand this case to the trial court for disposition of the post-trial motion and preparation of an opinion on the merits. (*See id.*). This issue is moot.

An issue before a court is moot "when a determination is sought on a matter which, when rendered, cannot have any practical effect on the

- 5 -

existing controversy." ***Commonwealth v. Nava***, 966 A.2d 630, 633 (Pa. Super. 2009) (citation omitted).

Here, the record reflects that the trial court granted Appellees' motion for a nonsuit based on its determination that Appellant failed to establish a right to relief because it failed to present evidence of specific damages. (***See*** Order, 9/15/14, at 1-2). After Appellant filed its post-trial motion seeking removal of the nonsuit and the parties submitted briefs addressing the issue, the court entered judgment in favor of Appellees in accordance with its previous order granting the nonsuit. Although the court mistakenly stated that it lacked jurisdiction to rule on the post-trial motion because it failed to dispose of it within 120 days, the court's Rule 1925(a) opinion makes clear that it: reviewed the briefs filed by the parties on the post-trial motion; and would have denied the motion on the merits because "[Appellant] did not produce sufficient evidence for a jury to base a damages award" and consequently, "a jury could only speculate on what damages should be awarded." (Trial Court Opinion, 5/29/15, at unnumbered pages 3, 5; ***see id.*** at unnumbered page 2). Thus, remand to the trial court for disposition of Appellant's post-trial motion and preparation of an opinion on the merits would be cumulative and serve no practical purpose. Accordingly, Appellant's first issue is moot.

In Appellant's second issue, it argues that the trial court erred in entering the nonsuit because, contrary to the court's finding, it did present sufficient evidence of damages. (***See*** Appellant's Brief, at 16-23). In

support, Appellant points to: Plaintiff's Exhibit 4, the redacted sales report provided by Appellees; and to the documentation prepared by Mr. Prosser showing Appellant's history of sales in the three fiscal years **preceding** the parties' July 2006 agreement. (*See id.* at 19-23). This issue does not merit relief.

> Our standard of review is well-established: A nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action had been established. Furthermore, all conflicts in the evidence must be resolved in the plaintiff's favor. In reviewing the evidence presented we must keep in mind that a jury may not be permitted to reach a verdict based on mere conjecture or speculation. We will reverse only if the trial court abused its discretion or made an error of law.

*Gillard v. Martin*, 13 A.3d 482, 486-87 (Pa. Super. 2010) (citations and quotation marks omitted).

"[A] party seeking damages for breach of contract must be able to prove such damages with reasonable certainty." *Logan v. Mirror Printing Co. of Altoona*, 600 A.2d 225, 227 (Pa. Super. 1991) (citations and internal quotation marks omitted).

> [D]amages in a breach of contract action must be proved with reasonable certainty. Otherwise, they are generally not recoverable. *Spang & Co. v. U.S. Steel Corp.*, . . . 545 A.2d 861, 866 ([Pa.] 1988) ("As a general rule, damages are not recoverable if they are too speculative, vague or contingent and are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty."). The question of whether damages are speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages.

***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.***,

98 A.3d 645, 661 (Pa. Super. 2014), *appeal denied*, 117 A.3d 1281 (Pa.

2015) (some quotation marks and most citations omitted).

Here, the trial court determined that, based on the evidence presented

at trial, the jury could only speculate as to what damages, if any, should be

awarded. (***See*** Trial Ct. Op., at unnumbered page 5). After review of the

record, we agree.

Specifically, Mr. Prosser testified as follows regarding Plaintiff's Exhibit

4:

Q. Do you find this document generally reliable?

A. No.

Q. Can you determine what your damages are from that
document?

A. No.

\* \* \*

Q. How many times did you tell Mr. Conway that that document
was unreliable?

A. Zero.

Q. In fact, the first time Mr. Conway learned that you believe it
was unreliable was when you're sitting here testifying; correct?

A. Correct. . . .

(N.T. Trial, 9/11/14, at 188, 204).

Mr. Prosser explained that "[b]ecause the information supplied was

deemed unreliable to me, [] I took the history of my sales for the previous

three years to the sale [to Appellees] and printed it out by year to come up with some kind of idea of the amount of business or damages that should be involved in this." (*Id.* at 190). He also acknowledged that, during these three years, his sales steadily declined, and that if Appellees had not purchased the business, he would have closed it in July of 2006. (*See id.* at 210, 215).

With respect to identifying the parties' overlapping customers, Mr. Prosser testified:

> Q. Was there ever a time when you and Mr. Conway sat down and figured out what kind of duplicate customers you might have had?
>
> A. No.
>
> Q. Did you hear the testimony earlier this afternoon where [Mr. Conway] indicated [fifty] percent of the customers that you had turned over were also his?
>
> A. Yes.
>
> Q. But you're saying you and he never had that discussion?
>
> A. No.
>
> *   *   *
>
> Q. . . . And sitting here today, you don't know how many customers overlap, do you?
>
> A. Correct.
>
> *   *   *
>
> Q. And you have no way of knowing what customers of Mifflin Press overlap with Printed Image of York, do you?

A. No.

(*Id.* at 189-90, 206, 208).

After hearing the testimony on damages, the court entered the nonsuit based on its assessment that:

> [Appellant's] calculation based on all sales for the three years before the contract would not assist the jury in determining the damages issue. There was no way of knowing which were [Appellant's] pre-existing customers, or if there were overlapping customers, which sales were nevertheless attributable to [Appellant]. Therefore, the jury could not determine what, if any, commissions were still due. The testimony did not establish a measure of damages with sufficient certainty and provide the jury a framework to decide the issue.

(Trial Ct. Op., at unnumbered page 5).

Upon review, we agree with the trial court, and conclude that it did not err or abuse its discretion in entering the nonsuit where Appellant failed to meet its burden of presenting evidence of non-speculative, identifiable damages. *See Gillard*, *supra* at 487; *Newman Dev. Grp. of Pottstown*, *LLC*, *supra* at 661; *Logan*, *supra* at 227. Accordingly, Appellant's second issue does not merit relief.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2016

- 10 -