J-A25002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TYRONE COOK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARC GELMAN, ESQUIRE AND JENNINGS AND SIGMOND, P.C. | |
| Appellant | No. 2184 EDA 2016 |

Appeal from the Judgment Entered June 16, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at: September Term 2013 No. 3528

BEFORE:  OTT, STABILE, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 21, 2018**

Appellant, Tyrone Cook, appeals from the judgment entered on June 16, 2016 in the Court of Common Pleas of Philadelphia County following entry of a directed verdict in favor of Appellees, Marc Gelman, Esquire, and his law firm, Jennings Sigmond, P.C.  Appellant claims the trial court erred in entering a directed verdict in this legal malpractice action based on its conclusion that Appellant's claimed damages were speculative.  Following review, we affirm.

The trial court provided the following factual summary:

Appellant was employed with the Philadelphia Police Department starting in 1986 and was terminated in 2010.  Following Appellant's termination from the Philadelphia Police Department,

_____

* Former Justice specially assigned to the Superior Court.

the Fraternal Order of Police ("FOP") retained attorney Mar[c] Gelman to represent Appellant during arbitration regarding his termination. Mr. Gelman did represent Appellant during his actual arbitration proceeding. Appellant lost his arbitration proceeding. Appellant was unsatisfied with the services of his attorney, Mr. Gelman[,] during his arbitration proceeding regarding his termination from the Philadelphia Police Department and brought this legal malpractice action against him and the FOP shortly after the aforementioned arbitration.

Trial Court Opinion, 1/24/17 at 2 (references to Notes of Testimony omitted).[1]

As the trial court explained, Appellant testified in his May 2015 malpractice trial that his 2010 salary, excluding overtime, was $68,000 and that he received an additional $4,000 to $5,000 in overtime pay. *Id.* at 2-3. He stated he was 59 years old at the time of trial and had intended to work a total of 40 years on the force. *Id.* at 3. He claimed he lost approximately $400,000 in sick time when he was terminated and said he hoped to recover an additional $200,000 to $300,000 from a "DROP" program. *Id.*

At the conclusion of trial, Appellees moved for a directed verdict, arguing Appellant's claimed damages were completely speculative in nature. The trial court granted the motion. Appellant filed a post-trial motion, asking the court to vacate its order directing a verdict in favor of Appellees. The trial court denied the motion. Judgment was entered in favor of Appellees on June 16, 2016. This timely appeal followed.

_____

[1] During trial, Appellant agreed to dismiss his claims against the FOP with prejudice.

Appellant timely filed a time Rule 1925(b) statement in which he asserted thirteen claims of error, which he condensed into the one question, including a preface, that he asks this Court to consider:

> [Appellant] testified at trial as to his damages. There was no objection to that trial testimony. There was no request for a non-suit at the close of [Appellant's] case-in-chief as to that testimony vis-à-vis damages. Prior to the conclusion of trial, the trial court *sua sponte* declared that the trial court would not be able to tender the case to the jury because the unchallenged damages were speculative.[2] Thereafter, [at the conclusion of Appellees'] case-in-chief, the [trial court] entered a directed verdict holding [Appellant's] uncontested damages as impermissibly speculative.
>
> Should this Honorable Court order a new trial when the [trial court's] directed verdict (and thus, denial of [Appellant's] post-trial motion) as to the below held impermissibly speculative damages were unobjected, unchallenged, uncontested, or were otherwise not speculative?

Appellant's Brief at 9.[3]

As this Court reiterated in **Hall v. Episcopal Long Term Care**, 54 A.3d 381 (Pa. Super. 2012):

> Our standard[s] of review when considering the motions for a directed verdict and judgment notwithstanding the verdict [JNOV]

---

[2] Appellant contends the trial court *sua sponte* directed a verdict in favor of Appellees. That assertion is belied by the record. When the trial court engaged counsel in a discussion about the court's concerns regarding damages, counsel for Appellees stated his intent to make a motion for a directed verdict at the close of evidence. **See** Notes of Testimony, Trial, 5/26/16, at 4-15. Counsel subsequently made the motion, which the trial court granted. **Id.** at 127-32; 137.

[3] In his Rule 1925(b) statement, Appellant also complained the trial court erred in granting the motion for directed verdict based upon the failure to prove a breach of fiduciary duty. Appellant has abandoned his fiduciary duty claims on appeal.

are identical. We will reverse a trial court's grant or denial of a [directed verdict or JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.

There are two bases upon which a [directed verdict or JNOV] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Id.* at 395 (quoting **Campisi v. Acme Markets, Inc.**, 915 A.2d 117, 119 (Pa. Super. 2006) (additional citations omitted) (alterations in original)).

Our Supreme Court has determined that an aggrieved client must demonstrate three basic elements to establish a claim of legal malpractice, *i.e.,* the employment of the attorney or other basis for duty, the failure of the attorney to exercise ordinary skill and knowledge, and damages proximately caused by the negligence. **Kituskie v. Corbman**, 714 A.2d 1027, 1029-30 (Pa. 1998) (citing **Rizzo v. Haines**, 520 Pa. 484, 499, 555 A.2d 58, 65 (1989)). Here, the trial court entered a directed verdict because "[t]here would be no way [for the jury] to award Appellant damages without engaging in speculation." Trial Court Opinion, 1/24/16, at 7. Therefore, we limit our discussion to the damages prong of the malpractice test.

In **Kituskie**, the Court explained:

> An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm. [*Rizzo*,] 555 A.2d at 68. Damages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of damages. *Id.*

*Id.* at 1030.

As this Court has recognized, "[T]he plaintiff has the burden of presenting sufficient evidence by which damages can be determined on some rational basis and other than by pure speculation or conjecture." *Kirschner v. K&L Gates* LLP, 46 A.3d 737, 751 (Pa. Super. 2012) (citation omitted). "[T]he test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of **whether there are identifiable damages. . . . Thus, damages are speculative only if the uncertainty concerns the fact of damages rather than the amount**." *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 572 (Pa. Super. 2007) (quoting *Rizzo*, 555 A.2d 68) (emphasis in *Wachovia*).

Appellant notes that he asserted his legal malpractice claim against Appellees in his Fourth Amended Complaint, which was backed by a certificate of merit. The Fourth Amended Complaint included three counts sounding in negligence, breach of contract, and breach of fiduciary duty, respectively. In his negligence count, he did not identify any category of damages or specify the nature of any damages. He did not claim wage loss, lost benefits, or any

other employment-related benefits, but simply claimed he "suffered actual loss" in an amount exceeding $50,000. Fourth Amended Complaint, 7/7/14, at ¶ 20. Likewise, in his breach of contract count, he simply alleged he "has been damaged as set forth above." *Id.* at ¶ 24. In his breach of fiduciary duty count, he again alleged he "has been damaged (as set forth above)." *Id.* at ¶ 28.

In their New Matter, Appellees asserted that Appellant "has not suffered any damages as a result of any conduct or omission of [Appellees]." Appellees' Answer and New Matter to Appellant's Fourth Amended Complaint, 7/28/14, at ¶ 41. Appellant responded,

> Denied. As a result of Gelman's deficient representation, [the arbitrator] adjudicated that the uncontroverted and overwhelming evidence supported the Police Commissioner's Direct Action dismissal of [Appellant]. With no contrary evidence or substantive legal argument (specifically laches and retaliation, among others), [the arbitrator] found the discharge of [Appellant] was for just cause and [Appellant's] grievance was denied. [Appellant] suffered significant financial loss and emotional distress as a result.

Appellant's Reply to New Matter, 10/15/14, at ¶ 41. Appellant did not explain his alleged "significant financial loss" and nowhere in the pleadings is there any loss specified.

As the trial court recognized, although Appellant testified as to his earnings and losses,

> there was no evidence presented of City records relating to Appellant's payroll or Appellant's pension. There was also no evidence presented of City records reflecting the amount of sick days that he actually accrued or earned. There was no evidence

- 6 -

presented about the DROP program, how it worked, what it is and most importantly, specific records of what Appellant would have been entitled to under such program. With regard to how much longer Appellant intended to work, there was no testimony about whether Appellant would have been able to work for the Philadelphia Police Department for a certain number of years and how, if at all, his salary would be affected by more time at the Department.

Trial Court Opinion, 1/24/16, at 7. The only related testimony was from John McGrody, Vice President of FOP Lodge 5, who testified that Appellant was receiving pension benefits amounting to approximately 67% of his final salary. N.T. Trial, 5/25/16, at 30-31.

In his brief, Appellant contends that Appellees' failure to object to, contest, or challenge Appellant's damages at trial equates to admitting those damages. Appellant's Brief at 16. Appellant does not cite any legal authority in support of this proposition. Unlike an allegation of a complaint that is deemed admitted if not answered, there is no corollary here. Appellant ignores the fact that the factfinder is "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Haan v. Wells*, 103 A.3d 60, 70 (Pa. Super. 2014) (citation omitted). Therefore, the fact Appellant may have offered damages testimony that Appellant considers "unobjected, unchallenged, [and] uncontested," does not mean that Appellees "admitted" Appellant suffered any damages or that a jury would be required to accept Appellant's testimony as true.

> The plaintiff has the duty and burden to establish by proper testimony the damages which he claims to have sustained, and if he fails to meet this burden, the question of damages cannot be

submitted to the jury. . . . It is the burden of the plaintiff to establish by evidence such facts as will furnish a basis for the legal assessment of damages according to some definite and legal rule.

*Gordon v. Trovato*, 338 A.2d 653, 654 (Pa. Super. 1975) (citations omitted).

As the trial court recognized, "[t]o determine whether damages are speculative, a court must first consider 'whether there are identifiable damages.'" Trial Court Opinion, 1/24/17, at 6 (citing *Logan v. Mirror Printing Co. of Altoona, Pa.*, 600 A.2d 225 (Pa. Super. 1991)). Further, "in a legal malpractice action, it is not sufficient for a plaintiff to prove future or speculative damages; rather, a plaintiff must prove actual damages arising from an attorney's breach of duty." *Id.* (citing *Capital Care Corp. v. Hunt*, 847 A.2d 75 (Pa. Super. 2004)).

The trial court concluded:

Therefore, there is no concrete evidence of damages at all. All evidence of damages is completely speculative and not supported. Although the law allows for damages to be proven by providing probabilities and inferences, the evidence must be of a reasonable certainty and must allow the jury to reach a verdict on damages without engaging in speculation. Here, there were only vague estimates presented from witness testimony and no other supportive evidence. There would be no way to award Appellant damages without engaging in speculation.

*Id.* at 7.

Viewing the evidence in a light most favorable to Appellant as the non-moving party, the trial court concluded it committed no error in finding the evidence presented at trial was too speculative to allow the jury to calculate damages. *Id.* Based on our review, we find neither error of law nor abuse of

discretion in the trial court's grant of a directed verdict.  Therefore, we shall not disturb the trial court's ruling.

Judgment affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *2/21/2018*