**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1769

_____

In re: William J. GRUVER and ROBERTA LYNN GRUVER,
Debtors

WILLIAM J. GRUVER and ROBERTA LYNN GRUVER

v.

FIRETECH, THE FIRE TECHNOLOGY PEOPLE, Inc.; ROBERT KINCAID; OCWEN
HOME SERVICING, LLC; and DEUTCHE BANK NATIONAL TRUST COMPANY

Robert Kincaid and FireTech, The Fire Technology People, Inc.,
Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-20-cv-00229)
District Judge: Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: October 1, 2024)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

After Appellant FireTech, the Fire Technology People, Inc. walked off the job before finishing the restoration of Debtors Roberta and William Gruver's home, the Gruvers filed an adversary proceeding in the Bankruptcy Court against FireTech and its president, Robert Kincaid. The Bankruptcy Court recommended ruling for the Gruvers, and the District Court entered final judgment accordingly, so Appellants now appeal that decision. Seeing no error, we will affirm.

## I.      BACKGROUND

On Thanksgiving Day, 2016, a fire swept through the Gruvers' home and rendered it uninhabitable. They hired FireTech to restore and remediate the home, and work began in March 2017. But the parties' relationship soon deteriorated. Due in large part to FireTech's and Kincaid's poor project management and cost overruns, the Gruvers and FireTech had several "disagreements about the cost and scope of anticipated repairs" that ultimately led FireTech to abandon the project "before repairs were completed." *Gruver v. Kincaid (In re Gruver)*, No. 1:20-cv-229-SPB, 2022 WL 1500695, at *1 (W.D. Pa. May 12, 2022).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Gruvers then initiated an adversary proceeding against FireTech and Kincaid.[1] After a three-day bench trial, the Bankruptcy Court recommended entering judgment in favor of the Gruvers, and the District Court adopted the Bankruptcy Court's factual findings and legal conclusions. After the District Court rejected their motion to alter or amend the judgment, Appellants timely appealed.

## II.    DISCUSSION[2]

Appellants assert four objections to the Bankruptcy Court's proposed findings and conclusions as adopted by the District Court. None is convincing.

First, contrary to Appellants' argument, the Bankruptcy Court did have subject matter jurisdiction to hear this adversary proceeding. Bankruptcy courts "may hear a proceeding that is not a core proceeding" but nonetheless "relate[s] to a case under title 11." 28 U.S.C. § 157(c)(1). Non-core proceedings relate to a bankruptcy case "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . [or] in any way impact[] . . . the handling and administration of the bankrupt estate." *Binder v. Price Waterhouse & Co.* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 164 (3d Cir. 2004) (quotation marks omitted). Where, as here, a bankruptcy court has already confirmed a chapter 13 plan, we have held that the related-to jurisdictional inquiry turns

---

[1] By the time the Gruvers filed their complaint, the Bankruptcy Court had already confirmed their chapter 13 plan.

[2] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157(c), and the District Court had jurisdiction pursuant to 28 U.S.C. § 1334. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's legal conclusions *de novo* and its factual findings for clear error. *See Duke Energy Royal, LLC v. Pillowtex Corp.* (*In re Pillowtex, Inc.*), 349 F.3d 711, 716 (3d Cir. 2003).

3

on "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Id.* at 166–67. A close nexus exists when the proceeding at issue "affect[s] an integral aspect of the bankruptcy process." *Id.* at 167.

The Gruvers' adversary proceeding has the requisite close nexus to an integral aspect of the bankruptcy process—namely, the chapter 13 plan—to support related-to jurisdiction. Due to their displacement, the Gruvers fell behind on making payments under their chapter 13 plan, and the District Court found the "successful administration of [the Gruvers'] plan . . . hinge[d] on the outcome" of the adversary proceeding. *In re Gruver*, 2022 WL 1500695, at *12. And that makes sense: The Gruvers could put any proceeds from the adversary proceeding towards finishing repairs on their home, mitigating the financial consequences of displacement, and paying accrued arrearages on their chapter 13 plan. Because payment on a confirmed chapter 13 plan qualifies as an "integral aspect" of the bankruptcy process, the Bankruptcy Court had related-to jurisdiction to hear the Gruvers' adversary proceeding.

Second, the District Court did not err in adopting the Bankruptcy Court's damages assessment. Appellants argue "the subject of how far along a party is under a construction project is an expert opinion," and, because the Gruvers did not present expert testimony, they "had no competent evidence of how complete the work was" and the Bankruptcy Court had "no objective basis to" determine its 60% completion figure. Opening Br. 13. Alternatively, Appellants contend, even if lay testimony were sufficient to establish damages, the Bankruptcy Court erred by relying on Ryan Kincaid's

4

testimony because he "had no independent knowledge of what was finished on the project." *Id.* (quotation marks omitted).

But the Federal Rules of Evidence do not support Appellants' position. Lay witnesses may opine on matters involving particularized knowledge obtained by virtue of their position in a business. *See* Fed. R. Evid. 701 advisory committee's note to 2000 amendment. And we have considered lay-witness testimony when assessing damages in the past. *See, e.g.*, *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993).

Because Ryan Kincaid had that particularized knowledge, the District Court did not err by accepting his lay testimony. In particular, while Ryan was not "particularly credible," *In re Gruver*, 2022 WL 1500695, at *12, he "was involved in drawing up work estimates and sending [the Gruvers] periodic invoices for completed work based on information he received in his capacity as operations manager," *id.* at 13. He "was also familiar with the project [because] he had been on the premises in December 2017 for the purpose of preparing a supplemental estimate." *Id.* Ryan's testimony, then, demonstrated sufficient personal knowledge for the District Court to accept and credit it for purposes of calculating damages.

Nor did the District Court err by relying on Ryan's testimony to assess and calculate damages. Under Pennsylvania law, "damages are speculative only if the uncertainty concerns the *fact* of damages rather than the *amount*." *Logan v. Mirror Printing Co. of Altoona*, 600 A.2d 225, 227 (Pa. Super. Ct. 1991) (quotation marks omitted) (emphasis in original). Evidence of damages only needs to be proved "with reasonable certainty" and may "consist of probabilities and inferences." *Bailets v. Pa.*

5

*Tpk. Comm'n*, 181 A.3d 324, 336 (Pa. 2018). Here, no one doubts the Gruvers suffered damages. The District Court used a "reasonable method of calculating the Gruver's loss" with as great a degree of certainty as possible given the circumstances. *In re Gruver*, 2022 WL 1500695, at *13.

Third, the District Court did not err by declining to set off its damages award against approximately $37,000 of insurance proceeds held in escrow for the Gruvers. Appellants argue the Bankruptcy Court essentially worked a windfall for the Gruvers by awarding damages intended to make them whole on top of a free $37,000 for future construction. But the Gruvers are not so fortunate. The District Court adopted the Bankruptcy Court's factual finding that the Gruvers likely "will be required to pay amounts in excess of the contract price in order to properly restore their home," in part due to water damage caused by FireTech's breach. *Id.* at *15 n.4. So remitting the funds in escrow to the Gruvers on top of awarding them damages is hardly inequitable—the damages from the adversary proceeding will make them whole on their contract claims and compensate for statutory violations, and they can put the $37,000 toward "the full restoration of their house." *Id.* at *15.

Finally, Appellants challenge the District Court's decision to hold Robert Kincaid personally liable for the Home Improvement Consumer Protection Act (HICPA) and Unfair Trade Practices and Consumer Protection Law (UTPCPL) claims. They contend that "at no time was any claim made directly against" Kincaid—aside from the dismissed tortious-interference claim—and that holding Kincaid individually liable under HICPA and UTPCPL was not only improper but violated due process. Opening Br. 15–16.

6

Appellants are incorrect that the Gruvers did not bring any claims against Kincaid personally; the operative complaint sets forth the HICPA and UTPCPL causes of action under the heading "Claims Against FireTech and Randy Kincaid." *In re Gruver*, 2022 WL 1500695, at *15. So here, too, we see no error on the part of the District Court.

## III.    CONCLUSION

For the foregoing reasons, we will affirm.