J-A08028-16

2016 PA Super 178

| | |
|---|---|
| DAVID AND DEBORAH BARNES, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ALCOA, INC., F/K/A THE PITTSBURGH REDUCTION COMPANY AND ALUMINUM COMPANY OF AMERICA AND AEES, INC. F/K/A ALCOA FUJIKURA, INC. AND ALCOA INTER-AMERICA, INC., AND ALCOA SERVICE CORPORATION AND KAWNEER COMPANY, INC. AND G & M CRAWFORD, INC. | |
| Appellees | No. 202 EDA 2015 |

Appeal from the Judgment Entered February 11, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): December Term, 2012 No. 0844

BEFORE:  BOWES, OLSON and STRASSBURGER,* JJ.

OPINION BY OLSON, J.:                    **FILED AUGUST 12, 2016**

David and Deborah Barnes (collectively "Appellants") appeal from the judgment entered on February 11, 2015, as made final by the order entered on May 31, 2016.  We affirm.

The factual background of this case is as follows.  Kawneer Company, Inc. ("Kawneer"), a wholly owned subsidiary of Alcoa, Inc. ("Alcoa") contracted with G&M Crawford, Inc. ("G&M") to clear snow and ice from its production facility's parking lot.  On February 8, 2011, David Barnes was walking to his car after completing his shift at Kawneer's facility.  David

_____

* Retired Senior Judge assigned to the Superior Court

Barnes fell on snow and ice and fractured his femur. This fracture required amputation of David Barnes' leg above his knee.

The procedural history of this case is as follows. On December 7, 2012, Appellants filed a complaint against several parties, including, *inter alia*, Alcoa and G&M. On February 14, 2013, Appellants filed their second amended complaint. Trial commenced on October 20, 2014. At the conclusion of the Appellants' case-in-chief on October 27, 2014, Alcoa and G&M moved for a compulsory nonsuit. The trial court granted Alcoa's nonsuit motion but denied G&M's nonsuit request. Eventually, the jury returned a verdict in favor of Appellants, and against G&M, in the amount of $1,300,000.00.

On November 7, 2014, Appellants filed a post-trial motion to lift the nonsuit against Alcoa. The trial court denied the motion on December 3, 2014. Appellants filed a premature notice of appeal on December 31, 2014. Eventually, judgment was entered in favor of Alcoa and against Appellants. On May 31, 2016, Appellants filed a notice of discontinuance as to G&M. Appellants' notice of appeal is therefore considered filed as of May 31, 2016. *See* Pa.R.A.P. 905(a)(5).

Appellants present one issue for our review:

Whether the trial court erred as a matter of law in entering a nonsuit in favor of [] Alcoa. . . ?

Appellants' Brief at 3.

Appellants argue that the trial court erred in granting Alcoa's nonsuit motion for two reasons. First, they argue that Alcoa was liable for negligently hiring/supervising G&M to remove snow from Kawneer's parking lot. Second, they argue that Alcoa was liable under section 324A of the Restatement (Second) of Torts. Alcoa contends that Appellants waived their arguments for failure to raise the relevant issues in their post-trial motion and for failure to include the issues in their concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("concise statement"). Furthermore, Alcoa argues that even if Appellants preserved their claims for appellate review, the trial court properly granted a compulsory nonsuit.

We first consider whether Appellants preserved their section 324A and negligent hiring/supervision claims. Initially, we examine Appellants' post-trial motion. Pennsylvania Rule of Civil Procedure 227.1 provides, in relevant part, that "post-trial relief may not be granted unless the grounds therefor . . . are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pa.R.C.P. 227.1(b)(2). Alcoa argues that Appellants' claims were not raised in their post-trial motion and, therefore, were not preserved for appellate review. Appellants, on the other hand,

contend that their post-trial motion adequately addressed their section 324A and negligent hiring/supervision claims.

Pennsylvania appellate courts have rarely discussed the specificity required under Rule 227.1(b)(2) with respect to removing a compulsory nonsuit. Most cases in which the appellate courts of this Commonwealth discuss the specificity requirement for removing a compulsory nonsuit addressed situations in which the defendant offered evidence at trial prior to moving for nonsuit. Prior to 2001, a defendant could not move for a compulsory nonsuit after offering evidence at trial. *See* Pa.R.C.P. 230.1 cmt. This Court held, under the prior rule, that failure to argue in a post-trial motion that the trial court erred in granting a nonsuit because the defendant offered evidence at trial waived the issue for appellate review. *E.g., Dietzel v. Gurman*, 806 A.2d 1264, 1269 (Pa. Super. 2002) (citations omitted).

In those cases, the trial court may have forgotten that the defendant presented evidence during the plaintiff's case-in-chief and/or may have forgotten former-Rule 230.1's prohibition on offering evidence prior to moving for a compulsory nonsuit. Thus, requiring a plaintiff to specify in the post-trial motion that the trial court erred by granting a nonsuit after the defendant offered evidence served the general purpose of Rule 227.1. It gave the trial court the opportunity to fix its error prior to the filing of a notice of appeal, helping to preserve judicial resources.

This is different than the circumstances present in the case *sub judice*. First, the rules have changed and no longer prohibit defendants from moving for nonsuit after introducing evidence at trial. Second, the issue here is whether Appellants raised issues by name, or obvious reference, in their post-trial motion. Third, Appellants' claims are consistent with themes raised throughout the case.

In this case, the trial court knew exactly the theories of liability upon which Appellants were proceeding, *i.e.*, section 324A and negligent hiring/supervision. Appellants' second amended complaint, although not specifying those grounds by name, pleads the requisite facts to establish section 324A and negligent hiring/supervision liability. **See** Appellants' Second Amended Complaint, 2/14/13, at 8-12. Alcoa's motion for summary judgment, while not using the terms "section 324A" or "negligent hiring/supervision," essentially argued that there were no factual disputes and Alcoa was entitled to judgment as a matter of law with respect to those claims. **See generally** Alcoa's Motion for Summary Judgment, 6/2/14. Furthermore, Alcoa's motion for a compulsory nonsuit, while not using the terms "section 324A" or "negligent hiring/supervision," essentially argued that Appellants failed to satisfy their *prima facie* case with respect to those claims. **See** Alcoa's Motion for Nonsuit, 10/27/14.[1] Appellants' post-trial

---

[1] In their reply brief, Appellants argue that Alcoa waived certain arguments by not raising those issues in its motion for compulsory nonsuit. Appellants'
*(Footnote Continued Next Page)*

motion employed similar terminology to that used in their second amended complaint. Finally, the trial court addressed the issues relevant to section 324A and negligent hiring/supervision claims in its Rule 1925(a) opinion. ***See*** Trial Court Opinion, 8/31/15, at 3-6. Thus, we conclude that Appellants' post-trial motion sufficiently challenged, substantively if not by name, the trial court's grant of a compulsory nonsuit with respect to the section 324A and negligent hiring/supervision claims.

Alcoa next argues that Appellants waived their section 324A and negligent hiring/supervision claims for failing to raise those issues in their concise statement. Pennsylvania Rule of Appellate Procedure 1925 provides, in relevant part, that, "Issues not included in [a concise statement] . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). As this Court recently explained:

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails [to] adequately [] identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a [c]oncise [s]tatement which is too

*(Footnote Continued)* _____

Reply Brief at 16-17. This argument is without merit. In its motion for nonsuit, Alcoa argued that it did not hire or supervise G&M. ***See*** Alcoa's Motion for Nonsuit, 10/27/14, at 2-3. Similarly, Alcoa argued that it did not undertake a duty to ensure the safety of the parking lot in which David Barnes fell. ***See id.*** at 3-4, 7-8. Alcoa, like Appellants, used language that did not closely conform to the elements of negligent hiring/supervision and section 324A claims; however, the substance of Alcoa's arguments were clear. We therefore decline to find that Alcoa waived its arguments for the same reason we decline to find Appellants' arguments waived.

vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

***Commonwealth v. Ray***, 134 A.3d 1109, 1114 (Pa. Super. 2016) (citation omitted).

In this case, Appellants' concise statement alleged that the trial "[c]ourt erred or abused its discretion in granting [Alcoa] a [nonsuit] when factual disputes existed over whether [Alcoa] employed personnel at [Kawneer's facility] who were responsible for maintenance, selection of contractors, supervision of contractors, parking procedures, snow plowing procedures, and safety of the grounds." Appellants' Concise Statement, 1/26/15, at 2. This allegation of error raised themes consistently asserted by Appellants throughout trial and clearly conveyed to the trial court that Appellants believed that there was sufficient evidence for their negligent hiring/supervision claim to go to the jury and that granting Alcoa's compulsory nonsuit motion as to this theory of liability was an error.

Appellants' concise statement also alleged that the trial court erred in granting Alcoa's nonsuit motion because "Alcoa['s] policies that contractors were required to follow were inadequate [and] Alcoa[ ] failed to detect the dangerous conditions of the parking lot during Alcoa['s] safety audits[.]" ***Id.*** at 2-3. In this portion of their concise statement, Appellants essentially argued that they presented a *prima facie* case of negligence under section 324A and that the trial court erred in granting Alcoa's nonsuit motion as to the section 324A theory of liability. Thus, Appellants included both claims in

their concise statement and have preserved those issues for appellate review.

Turning to the merits of the issues presented by Appellants,

[o]ur standard of review is well-established: A nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff[s], could not reasonably conclude that the elements of the cause of action had been established. Furthermore, all conflicts in the evidence must be resolved in the plaintiff[s'] favor. In reviewing the evidence presented we must keep in mind that a jury may not be permitted to reach a verdict based on mere conjecture or speculation. We will reverse only if the trial court abused its discretion or made an error of law.

***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 59 (Pa. Super. 2016) (citation omitted).

We first address Appellants' argument that the trial court erred by granting a compulsory nonsuit as to their negligent hiring/supervision claim. All parties agree that G&M was hired and supervised by Calvin Fox ("Fox") and Daniel Carr ("Carr"). Appellants argue that they presented sufficient evidence in their case-in-chief for the jury to infer that Fox and Carr were Alcoa employees. Alcoa, on the other hand, argues that there was insufficient evidence for the jury to infer that Fox and Carr were Alcoa employees.

Carr testified that he was a Kawneer employee. N.T., 4/8/14, at 11-12. Appellants cite to no portion of Carr's testimony in which he stated he was an Alcoa employee. The only portion of the record cited by Appellants are the above pages in which Carr testified that he was a Kawneer

- 8 -

employee. *See* Appellants' Brief at 22, *quoting* N.T., 4/8/14, at 11-12. Appellants rely on the fact Alcoa's name was listed on Carr's paycheck. *See id.* Our Supreme Court has held, however, that the fact a parent company's name is listed on an employee's check is not evidence the employee is employed by the parent company instead of the subsidiary. *See Kiehl v. Action Mfg. Co.*, 535 A.2d 571, 574 (Pa. 1987), *citing Venezia v. Phila. Elec. Co.*, 177 A. 25, 26 (Pa. 1935). Instead, Appellants needed to show Alcoa had the "power and authority to direct and control" Carr's actions in order for him to be deemed an employee. *Gillingham v. Consol Energy, Inc.,* 51 A.3d 841, 855 (Pa. Super. 2012). Thus, the mere fact that Alcoa's name was on Carr's paycheck was insufficient to raise a factual question for the jury.

The evidence Appellants rely upon for Fox falls even shorter of presenting a factual dispute for the jury. Appellants rely upon an expert's testimony that Fox was an employee of Alcoa. *See* Appellants' Brief at 22, *citing* N.T., 10/24/14, at 151-152. In this testimony, however, the expert stated that Fox testified he was a Kawneer employee – not an Alcoa employee. N.T., 10/24/14, at 153. The expert gave no explanation as to why he concluded that Fox was an Alcoa employee instead of a Kawneer employee. Again, Appellants failed to show the requisite level of control over Fox's work functions by Alcoa. *See Gillingham,* 51 A.3d at 855

(citation omitted). Thus, Appellants presented no evidence for the jury that either Carr or Fox was an employee of Alcoa.

Appellants also argue that the contract between G&M and Kawneer indicates that Alcoa was responsible for hiring and supervising G&M as a snow removal company. The cardinal rule of contract interpretation is that the plain language of the contract is the principal evidence of the parties' intent. **Stewart v. GGNSC-Canonsburg, L.P.**, 9 A.3d 215, 220 (Pa. Super. 2010). In this case, the contract is unambiguous – it is between G&M and Kawneer (the property owner) not G&M and Alcoa. **See** Appellants' Exhibit 1 (listing the contract parties as G&M and Kawneer). The mere fact that Kawneer used Alcoa's standard terms and conditions and gave Alcoa the right to approve subcontractors does not mean that the contract was between Alcoa and G&M. Furthermore, the venue selection clause in the contract (which selected Allegheny County – the location of Alcoa's headquarters) had no bearing on who hired or monitored the performance of G&M. As the contract was between G&M and Kawneer, Appellants' reliance thereon is misplaced. **Cf.** Appellants' Brief at 20 ("G&M [] performed its snow removal services in accordance with a contract between G&M [] and Kawneer.").

Appellants presented no evidence at trial that either Carr or Fox was an employee of Alcoa. Pursuant to Pennsylvania Supreme Court precedent, the fact that Carr's paycheck had Alcoa's name on it was not evidence that

the jury could use to determine that Carr was an employee of Alcoa. The expert who testified that Fox was an employee of Alcoa admitted that Fox testified that he was a Kawneer employee. The expert offered no evidence from which the jury could conclude that Fox was an Alcoa employee. Finally, the contract between G&M and Kawneer only supported Alcoa's position that it did not hire and/or supervise G&M. Thus, there was no competent evidence admitted at trial from which the jury could find that Carr and Fox were Alcoa employees or that G&M was hired by Alcoa. Any finding that G&M was hired and/or supervised by Alcoa would have been mere speculation and the trial court acted properly in removing this speculative claim from the jury. **See Printed Image**, 133 A.3d at 59 (citation omitted). Accordingly, the trial court correctly granted Alcoa's motion for a compulsory nonsuit as to Appellants' negligent hiring/supervision claim.

Next, Appellants argue that the trial court erred in granting a compulsory nonsuit as to their section 324A claim against Alcoa.[2] Section 324A provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

---

[2] Our Supreme Court has adopted section 324A as the law of this Commonwealth. **Cantwell v. Allegheny Cnty.**, 483 A.2d 1350, 1353–1354 (Pa. 1984).

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Moranko v. Downs Racing LP*, 118 A.3d 1111, 1114-1115 (Pa. Super. 2015) (*en banc*), *appeal denied*, 132 A.3d 459 (Pa. 2016), *quoting* Restatement (Second) of Torts § 324A (1965) (emphasis removed).

We focus on whether Alcoa undertook a duty to ensure the safety of the parking lot in which David Barnes fell. Appellants argue that periodic safety audits performed by Alcoa, along with testimony from Kawneer and Alcoa employees, satisfied their *prima facie* burden under section 324A. Alcoa, on the other hand, contends that it never undertook a duty to ensure the safety of the parking lot where David Barnes' fall occurred.

To establish that Alcoa undertook a duty to safely design and maintain the parking area, Appellants rely primarily upon the testimony of Axel Heinrich ("Heinrich"), manager of Kawneer's facility and Jeffrey Shockey ("Shockey"), Alcoa's corporate safety director. Heinrich testified that he reported directly to Diana Perreiah, an Alcoa employee. Heinrich testified that he reported on the "safe operation of the plant." N.T., 5/20/14, at 12. He also testified that Alcoa representatives visited the plant on average every two to three months. *Id.* at 18. During some, but not all, of these

- 12 -

multi-day audits, Alcoa investigated the environmental, health, and safety aspects of the plant. *Id.* at 20.

Shockey testified that he was responsible for strategic direction of safety for all of Alcoa's business units. N.T., 10/24/14, at 186. Shockey testified that this direction applied to Kawneer's "**manufacturing operations**[.]" *Id.* (emphasis added). Shockey testified that if Alcoa has "something to bring to the table in safety that they think can help [Kawneer], we're all about trying to share and help them with those sort of things." *Id.* at 193. Shockey testified that this included macro-level safety issues at the Kawneer facility. *See id.* Finally, he testified that using Alcoa's standard terms and conditions in contracts helped efficiency and consistency across Alcoa's subsidiaries. *See id.* at 198-199.

Notably absent from any of the testimony quoted by Appellants in their brief is a single statement, by either Heinrich or Shockey, relating to the parking lot in question or the snow removal process for the parking lot. The reason is apparent when Shockey's testimony is read in its entirety. Shockey testified that Kawneer was responsible for the snow removal of the parking lot and Alcoa was not involved in that process. *See id.* at 196-197 (directing snow removal was "not [Alcoa's] role"). Heinrich and Shockey's testimony plainly state that the safety audits were meant to address operational concerns. *See* N.T., 10/24/14, at 186. This is markedly

different than property maintenance issues, such as clearing the parking lot. ***See id.*** at 196-197.

Appellants also rely upon a statement that Steve Crawford, owner of G&M, made at trial. Crawford stated that "I knew safety requirements were coming from a parent company." N.T., 10/23/14, at 146. Read in context, however, Steve Crawford only testified to the fact that Kawneer made its contractors fill out a survey created by an Alcoa subcontractor. ***See id.*** at 146-147. Crawford did not testify that he had any contact with Alcoa or its employees regarding clearing the Kawneer parking lot. As such, Steve Crawford's testimony, when read in its entirety, supports Alcoa's position that only Kawneer was responsible for maintenance of the parking lot.

Appellants rely upon evidence presented at the summary judgment stage that showed that

> [a]fter [David] Barnes sustained his injury, Alcoa implemented design changes at the Kawneer [plant's] employee parking lot. Specifically, Alcoa mandated the installation of cattle gates to create pathways that could be safely plowed, shoveled, salted, and sanded from the building across each lane of parking through the length of the parking lot.

Appellants' Brief at 19 (citation omitted). If Appellants presented this evidence at trial, we might reach a different conclusion as to the trial court's ruling on Alcoa's nonsuit motion. As Appellants concede in their brief, however, they made a strategic decision not to present that evidence at trial. Appellants' Brief at 19. We are prohibited from considering evidence not presented at trial when considering whether the trial court properly

- 14 -

granted Alcoa's nonsuit motion. Thus, Appellants' reliance upon this evidence is misplaced. Therefore, Appellants failed to present any evidence that Alcoa undertook a duty to ensure the safety of the Kawneer facility's parking lot and/or snow removal process. Any verdict based on such a finding would have relied on speculation. Since the trial court has a duty to prevent such claims from going to the jury, *see Printed Image*, 133 A.3d at 59 (citation omitted), the trial court properly granted Alcoa's motion for a compulsory nonsuit as to Appellants' section 324A claim.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016