J-S09003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENN WASTE, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM C. NEAL | : | |
| | : | |
| Appellant | : | No. 1216 MDA 2017 |

Appeal from the Judgment Entered July 3, 2017
in the Court of Common Pleas of York County
Civil Division at No.:  2017-SU-000741

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED MARCH 21, 2018**

Appellant, William C. Neal, appeals *pro se* from the default judgment entered against him on July 3, 2017.[1]  We affirm.

We take the background facts and procedure in this matter from the trial court's October 2, 2017 opinion and our independent review of the certified record.  On February 22, 2017, the magisterial district judge entered

---

[1] Appellant's notice of appeal, filed on August 2, 2017, purports to be from the trial court's June 6, 2017 entry of default judgment.  (**See** Notice of Appeal, 8/02/17).  However, the default judgment became final on July 3, 2017, when the trial court denied his petition for relief from default judgment.  **See Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1152 (Pa. Super. 2009) ("When a default judgment is entered by the prothonotary, the judgment is not instantaneously final," but becomes final after decision on aggrieved party's petition pursuant to Pa.R.C.P. 237.3.). We have changed the caption accordingly.

---

*   Retired Senior Judge assigned to the Superior Court.

a judgment against Appellant and in favor of Appellee, Penn Waste, Inc., in its action for Appellant's failure to pay for trash services required by Shrewsbury Township's mandatory trash collection ordinance.

On March 22, 2017, Appellant appealed to the trial court. On April 6, 2017, Appellee filed a complaint with a notice to defend and a certificate of service that reflected that Appellee mailed the complaint to Appellant at the address he provided to the magisterial district justice.[2] (**See** Complaint, 4/06/17, at attached Notice; **see id.** at attached Certificate of Service). The complaint alleged that Appellant owns a non-occupied structure in Shrewsbury Township, and that he failed to pay the amount due for mandatory trash collection services since May 7, 2014, with a total due of $1,010.52 as of January 2017. (**See id.** at unnumbered page 2 ¶ 9). Appellant failed to file an answer. On May 17, 2017, Appellee served Appellant with a ten-day notice of default. (**See** Ten-Day Notice, 5/17/17). On June 6, 2017, on praecipe by Appellee, a default judgment was entered by the prothonotary, and Appellant was provided with notice. (**See** Notice of Judgment, 6/06/17). On June 14, 2017, Appellant filed a petition for relief from the default judgment pursuant to Pennsylvania Rule of Civil Procedure 237.3, alleging that Appellee failed to

---

[2] "The party filing a complaint under Rule 1004 shall forthwith serve it upon the opposite party in the appeal by leaving a copy for or mailing a copy to him at his address as shown in the magisterial district judge records[.]" Pa.R.C.P.M.D.J. 1005(D).

- 2 -

serve the complaint and praecipe for entry of judgment in compliance with the Pennsylvania Rules of Civil Procedure. He did not file a proposed answer.

On June 22, 2017, the trial court held a hearing on Appellant's petition. It gave Appellant the opportunity to present testimony and any evidence he deemed necessary. Appellant repeated that he was not served, and did not wish to offer anything else. (*See* N.T. Hearing, 6/22/17, at 2). The trial court found Appellee properly served Appellant via U.S. mail at his current address, which is appropriate in an appeal from a magisterial district judge proceeding. (*See id.*). The court also found that Appellant did not otherwise have a meritorious defense, and denied his petition. (*See id.* at 3). Appellant timely appealed.[3]

Appellant raises eleven issues for our review:

1. Did the trial court err by allowing case below to proceed where Appellee below did not serve a complaint pursuant to Pa. R.C.P. 1007(2), Pa. R.C.P. 403 and Pa. R.C.P. 401 or by any other manner?

2. Did the trial court err by allowing case below to proceed when Appellee below did not serve a [n]otice to [d]efend pursuant to Pa. R.C.P. 1018.1 in any manner?

3. Did the trial court err by allowing case below to proceed when Appellee below did not serve a [p]raecipe for [e]ntry of [j]udgment pursuant to Pa. R.C.P. 237.1 (2)(ii) in any manner?

4. Did the trial court err in not entering [j]udgment [*n*]on [*p*]*ros* [p]ursuant to Pa. R.C.P. 237.3 against the Appellee below

---

[3] Appellant filed a timely court-ordered statement of errors complained of on appeal on August 25, 2017. The trial court filed an opinion on October 2, 2017. *See* Pa.R.A.P. 1925.

and dismiss the case with prejudice for the Appellee's failure to timely file and serve the aforementioned documents?

5.     Did the trial court err in effectively not affording [A]ppellant the right to cross-examine writings pursuant to Pennsylvania Rule of Evidence 612 (a) and 612 (b)(1)?

6.     Did the trial court err in permitting witnesses to not be made available to the [A]ppellant for cross-examination pursuant to Pennsylvania Rule of Evidence 614 (a)?

7.     Did the trial court err in permitting inadmissible hearsay pursuant to Pennsylvania Rule of Evidence 801 (a)(b)(c)?

8.     Did the trial court err in permitting inadmissible hearsay pursuant to Pennsylvania Rule of Evidence 802?

9.     Did the trial court err in not following the requirement of authentication and identification of evidence pursuant to Pennsylvania Rule of Evidence 901 (a)?

10.    Did the trial court err in causing and permitting [A]ppellant's right to the Confrontation Clause under Article 1 Section 9 of the Pennsylvania Constitution to be denied?

11.    Did the trial court err in causing in permitting [A]ppellant's right to the Confrontation Clause under Amendment Six of the United States Constitution to be denied?

(Appellant's Brief, at unnumbered page 4).[4]

We begin our review by observing it is well-settled that "[a]n appellant's failure to include an issue in his [Rule] 1925(b) statement waives that issue for purposes of appellate review." *Lineberger v. Wyeth*, 894 A.2d 141, 148

---

[4] Because the ground for relief in Appellant's petition sounds in a petition to strike, our standard of review "is limited to whether the trial court manifestly abused its discretion or committed an error of law." *Reco Equipment, Inc. v. John T. Subrick Contracting, Inc.*, 780 A.2d 684, 686 (Pa. Super. 2001), *appeal denied*, 790 A.2d 1018 (Pa. 2001) (citation omitted).

(Pa. Super. 2006) (citation omitted). Here, in his Rule 1925(b) statement, Appellant failed to raise his first four issues, which involve allegations of trial court error in finding Appellee did not violate the Pennsylvania Rules of Civil Procedure. (*See* Appellant's Brief, at unnumbered page 4; Concise Statement of [Errors] Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 8/25/17). Therefore, they are waived.[5] *See Lineberger*, *supra* at 148.

Additionally, the trial court was unable to review the issues that Appellant did raise in his 1925(b) statement because they were impermissibly vague. (*See* Trial Court Opinion, 10/02/17, at 3).

> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails [to] adequately [] identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

*Barnes v. Alcoa, Inc.*, 145 A.3d 730, 734 (Pa. Super. 2016) (citation omitted).[6]

---

[5] Moreover, the record establishes that the trial court did not commit a manifest abuse of discretion or error of law in finding that Appellee properly conformed to the requirements of the Pennsylvania Rule of Civil Procedure where it complied with all applicable rules. *See Reco*, *supra* at 686.

[6] In fact, Appellant failed to raise any of these issues in the trial court, and they are waived for our review on this basis, as well. *See* Pa.R.A.P. 302(a).

Instantly, the trial court observed that, although Appellant's Rule 1925(b) statement contains general claims regarding cross-examination, hearsay, and his right of confrontation:

> Appellant fails to detail what writings he was allegedly not permitted to examine. Appellant also fails to identify what witnesses he was allegedly denied the right to cross-examine. Appellant fails to identify what inadmissible hearsay was allegedly improperly permitted by th[e c]ourt. Appellant fails to specify how his right to confrontation was allegedly denied under both the United States and Pennsylvania Constitutions. Th[e c]ourt is without sufficient information to address Appellant's claims[.]

(Trial Ct. Op., at 3). Therefore, issues five through eleven are waived for our review. *See Barnes*, *supra* at 734.

Similarly, in his brief, Appellant fails to provide references to the record or pertinent law and discussion thereof in support of his fifth through eleventh issues. *See* Pa.R.A.P. 2119(a)-(c); (*see also* Appellant's Brief, at unnumbered pages 4, 8-9). In fact, the argument section of Appellant's brief suffers from the same issues of vagueness as his Rule 1925(b) statement.

Specifically, he fails to identify what witnesses and evidence he was not given the opportunity to cross-examine, what inadmissible hearsay the court allegedly admitted, what documents were not properly authenticated, or how he was denied his right to confrontation. (*See* Appellant's Brief, at unnumbered pages 8-9; Appellant's Concise Statement of [Errors] Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)). Therefore, we are unable to conduct meaningful review of Appellant's claims; and issues five

through eleven are waived on this basis as well.[7]  *See* Pa.R.A.P. 2101; ***J.J. DeLuca Co., Inc. v. Toll Naval Assoc.***, 56 A.3d 402, 411 (Pa. Super. 2012) (deeming claim waived where appellant failed to provide references to the record or develop argument in support of claim); ***Siculietano v. K & B Amusements Corp.***, 915 A.2d 130, 135 n.4 (Pa. Super. 2006) (issues waived where, "aside from making passing references to [] two rules, [a]ppellants have developed no appellate argument regarding the claim[.]").

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018

_____

[7] Additionally, we briefly note the trial court's observation that:

> . . . Appellant was permitted to present any testimony and evidence at the hearing held on his [p]etition on June 22, 2017. [He] had the opportunity to call any witnesses that he believed supported his position at the hearing.  [He] had the ability to speak with counsel for Appellee and examine any writings submitted by Appellee. . . . Appellant elected not to present any more argument aside from what was contained in his [p]etition but he was certainly afforded that opportunity.

(Trial Ct. Op., at 3-4).  Therefore, his claims would lack merit, even if properly preserved below, and not waived on appeal.