J-A12009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALLAN J. NOWICKI & JONATHAN A. NOWICKI, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1530 EDA 2023 |
| DILWORTH PAXSON LLP, CROWN FINANCIAL CORP., GREGORY F. CIRILLO, ESQ., CLAIRE BLEWITT GHORMOZ, ESQ., TIMOTHY J. FORD, ESQ. | : | |

Appeal from the Order Entered May 11, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2022-02349

BEFORE: PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED SEPTEMBER 23, 2024**

Allan and Jonathan Nowicki (collectively "the Nowickis") appeal from the order of the Bucks County Court of Common Pleas ("trial court") granting the motion for judgment on the pleadings and motions for sanctions filed by Dilworth Paxson, LLP ("Dilworth"), Crown Financial Corporation ("Crown"), Gregory Cirillo, Esq., Claire Ghormoz, Esq., and Timothy Ford, Esq. (collectively, "Appellees"). The Nowickis contend the trial court erred in multiple ways, including by: (1) finding certain issues in the Nowickis' Pa.R.A.P. 1925(b) statement waived for lack of specificity; (2) finding the

_____

[*] Former Justice specially assigned to the Superior Court.

claims in the current action were barred by collateral estoppel due to previous litigation; (3) relying on opinions issued in the previous litigation; and (4) demonstrating prejudice by considering the fact that Allan Nowicki has been a party in over 120 matters in the Bucks County Court of Common Pleas. We affirm.

Prior to the filing of the instant action, the Nowickis filed a breach of contract action against Crown in 2017 based on a failed real estate transaction ("prior litigation"). Crown, who was represented by Dilworth and, at various times, Attorneys Cirillo, Ghormoz, and Ford, eventually filed a renewed motion for summary judgment ("Crown renewed motion for summary judgment"). The trial court granted this motion on November 18, 2021.

The Nowickis appealed, arguing the court had erred by, *inter alia*, relying on Crown's intentional misrepresentations to the court in the Crown renewed motion for summary judgment. The trial court rejected this claim in its Pa.R.A.P. 1925(a) opinion ("Crown Rule 1925(a) opinion"), finding that the Nowickis had not identified any specific statements that were "intentionally fabricated, fraudulent or misleading." Crown Rule 1925(a) Opinion, 2/14/2022, at 9. On appeal, this Court affirmed, finding in relevant part that it agreed with the trial court the Nowickis "failed to identify any specific statements by [Crown's] counsel that were 'intentionally fabricated, fraudulent or misleading.'" **Nowicki v. Crown Financial Corporation**, 2622

EDA 2021, at *2 (Pa. Super. filed Aug. 31, 2022) (unpublished memorandum) (citation omitted).

On May 26, 2022, before this Court issued its memorandum in the prior litigation on August 31, 2022, the Nowickis filed a complaint against Appellees asserting claims of civil conspiracy and fraud (the "instant action"). Specifically, the Nowickis alleged that Crown, through Dilworth and the named individual attorneys who represented Crown in the previous litigation, made false and misleading statements in the Crown renewed motion for summary judgment it had filed in the prior litigation.

The same day this Court issued its August 31, 2022 decision denying the Nowickis relief in the prior appeal, counsel for Appellees sent the Nowickis a letter. The letter advised the Nowickis of the Superior Court memorandum and requested that the Nowickis withdraw their complaint in the current matter because of that memorandum. The letter further notified the Nowickis that if the complaint were not withdrawn within 28 days, Appellees would seek sanctions pursuant to Pa.R.C.P. 1023.1 ("Rule 1023.1").

On October 5, 2022, Appellees filed a motion for judgment on the pleadings in the instant action. In the motion, Appellees argued the Nowickis' claims of civil conspiracy and fraud were legally insufficient and barred by several affirmative defenses, including collateral estoppel. Given the Nowickis' failure to withdraw their complaint as requested in the August 31, 2022 letter,

Appellees also filed a motion for sanctions pursuant to Rule 1023.1 and a motion for sanctions pursuant to 42 Pa. C.S.A. § 2503.

The trial court held a hearing on Appellees' motion for judgment on the pleadings and their motions for sanctions on April 10, 2023. During the hearing:

> Allan Nowicki conceded that the alleged [misrepresentations] which form[ed] the basis for [the] claims in the Complaint [in the instant action] consist[ed] solely of statements that were made in the Crown Renewed Motion for Summary Judgment. … He also admitted that the purported wrongful conduct in which he alleged Appellees had engaged had previously been litigated, that the [trial court's decision in the previous litigation] had been affirmed by the Superior Court, and that [the Nowickis] had filed a Petition for Allowance of Appeal which remained pending as of that date [but was subsequently denied].

Trial Court Opinion, 9/29/2023, at 7, 9 (record citation omitted).

On May 11, 2023, the trial court issued an order granting Appellees' motion for judgment on the pleadings and dismissing the Nowickis' complaint with prejudice. The trial court also granted Appellees' motion for sanctions pursuant to Rule 1023.1, imposing sanctions in the form of attorney's fees in the amount of $5,000.00. It further granted Appellees' motion for sanctions pursuant to Section 2503, imposing sanctions in the form of attorney's fees in the amount of $1.00.

The trial court denied the Nowicki's motion for reconsideration. The Nowickis filed a timely notice of appeal, and the trial court directed the Nowickis to file a Pa.R.A.P. 1925(b) statement. The Nowickis complied, raising 15 alleged errors by the trial court.

In its responsive Rule 1925(a) opinion, the trial court found that, despite raising 15 alleged errors, the Nowickis were generally claiming that the trial court erred by granting Appellees' motion for judgment on the pleadings and by granting the motions for sanctions. As for the judgment on the pleadings, the trial court discerned the Nowickis were contending the court erred by improperly considering the Rule 1925(a) and Superior Court opinions in the previous litigation, by improperly considering averments in Appellees' answer to the Nowickis' complaint, and by misapplying the law related to collateral estoppel. The court found these claims were either meritless, waived because of the Nowickis' failure to sufficiently specify the claim in their Rule 1925(b) statement, or both.

As for the motions for sanctions, the court stated the Nowickis were essentially contending the court erred by finding they had not brought the action in good faith because they were attempting to modify the law on judicial privilege and misapplying Rule 1023.1 and Section 2503. Again, the court found these issues were either meritless or waived because of insufficient specificity in their Rule 1925(b) statement.

In their brief to this Court, the Nowickis raise these three issues:

1. Did the lower court err in granting [Appellees'] Motion for Judgment on the Pleadings?

2. Did the lower court err in granting [Appellees'] Motion for Sanctions Pursuant to Pa.R.C.P. 1023.1-4?

3. Did the Lower Court err in granting [Appellees'] Motion for Sanctions Pursuant to 42 Pa. C.S.A. § 2503?

Appellants' Brief, at 7 (suggested answers and unnecessary capitalization omitted, numbering added).

We note at the outset that the Nowickis' factual statement of the case and summary of the argument are woefully sparse. *See* Pa.R.A.P. 2117(a)(4); 2118. Their argument section often does not fare much better. *See* Pa.R.A.P. 2119.

In their argument section, the Nowickis first contend the trial court erred by granting Appellees' motion for judgment on the pleadings. This claim warrants no relief.

When reviewing a trial court's order resolving a motion for judgment on the pleadings, we apply the following standard of review:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007) (citation omitted.

In the argument section of their brief, the Nowickis divide their first issue into three separate arguments. First, they argue the court erred by granting the motion on the pleadings because it improperly considered the Rule 1925(a) opinion and the Superior Court opinion issued in the previous

litigation when those opinions had not been attached to the Nowickis' complaint. Other than providing a sentence on the general law related to judgment on the pleadings, the Nowickis' argument in support of this allegation is comprised of the following sentence:

> The Court can take judicial notice as to the existence of the 1925(b) Opinion and the Superior Court Opinion, but not the facts contained [therein]. ***See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.***, 181 F.3d 410, 426 (3d Cir. 1999) (concluding that "on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but only for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

Appellants' Brief, at 18 (emphases omitted).

In the first place, the trial court found this issue was waived. It stated:

> With respect to [the Nowickis'] complaint that the court erred because it "considered the facts" in [the Rule 1925 and Superior Court Opinions], … this claim of error is waived. [Pa.R.A.P. 1925] provides that a Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issues to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of [] paragraph (b)(4) are waived." [***Id***.]; ***see also Barnes v. Alcoa***, ***Inc.***, 145 A.3d 730, 734 (Pa. Super. 2016) (explaining that "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review[.]) … Here, [the Nowickis] contend the court erred by considering "facts" contained within the 1925(a) Opinion [and] the Superior Court Opinion[.] [The Nowickis], however, fail to identify the particular "facts" to which they make reference. Thus, this court is unable to prepare a proper analysis of this purported claim of error. Accordingly, it should be deemed waived. ***See Barnes***, 145 A.3d at 734.

Trial Court Opinion, 9/29/2023, at 14 (unnecessary capitalization and emphasis omitted).

We see no error in the court's conclusion that the issue is waived. The Nowickis do not challenge the trial court's finding of waiver other than to summarily assert that its "statement contained sufficient detail to identify the issues to be raised by the judge." Appellant's Brief, at 19. They do not, despite the trial court's explanation as to why it was finding the issue waived, attempt to elaborate on this conclusory assertion or identify the facts to which they are referring.

Even if not waived for their failure to sufficiently state their issue in the Rule 1925(b) statement, we would find the issue waived for lack of development. The Nowickis do no more than offer a summary statement in support of their claim, without meaningful explanation or application to the facts of this case, and then cite to a Third Circuit case which is not binding on this Court. *See Werner v. Plater-Zyberk*, 799 A.2d 776, 782 (Pa. Super. 2002) (providing that the decisions of federal courts, other than the U.S. Supreme Court, are not binding on this Court). Because this claim is not sufficiently developed in the Appellants' brief, we must find the issue waived. *See Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (stating that arguments that are not sufficiently developed are waived).

In their second argument under the umbrella of their first issue, the Nowickis complain the trial court erred by failing to accept as true certain well-pleaded statements of fact in their complaint as well as by improperly considering certain factual averments offered by Appellees in their answer to

- 8 -

the Nowickis' complaint. As with their first issue, the trial court found this argument waived because of the Nowickis' failure to raise the issue with sufficient specificity in their Rule 1925(b) statement. Specifically, the court noted the Nowickis did not identify which specific statements or averments to which they referred, leaving the court unable to "offer any meaningful analysis of these claimed errors." Trial Court Opinion, 9/29/2023, at 15. Again, we see no error in the court's conclusion that this issue is waived. The Nowickis' nonspecific and conclusory response to the trial court's finding of waiver here, identical to the one given above, *i.e.* that the statement did contain sufficient detail, does not convince us otherwise. *See* Pa.R.A.P. 1925(b)(4)(ii).

In their final argument under their first claim, the Nowickis contend the trial court misapplied the doctrine of collateral estoppel. This claim also fails.

In rejecting this claim, the trial court noted the Nowickis had not specifically explained how they believed the court had misapplied the collateral estoppel doctrine. However, the court presumed from the Nowickis' memorandum of law opposing judgment on the pleadings that the Nowickis were claiming the court erred in finding collateral estoppel because, according to the Nowickis, the issues in the current action and the prior litigation were not the same, and the Nowickis had not had a full and fair opportunity to litigate the issues. The trial court found neither of these claims had merit; we agree.

The doctrine of collateral estoppel bars re-litigation of an issue that was decided in a prior action. *See Selective Way Ins. Co. v. Hospitality Group Services, Inc.*, 119 A.3d 1035, 1042 (Pa. Super. 2015). Collateral estoppel applies when:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Id.* (citation omitted).

In their brief to this Court, the Nowickis claim the trial court erred by finding the first and the fourth elements of collateral estoppel were satisfied. As for the first element, the Nowickis claim the "issues decided [in the previous litigation] were not the same as in this action." Appellant's Brief, at 24. In support, the Nowickis claim only that the prior litigation was based on a breach of contract claim and the current action is based on fraud and criminal conspiracy claims. However, this Court has specifically stated that collateral estoppel prevents re-litigation of an issue in a later action "despite the fact that it is based on a cause of action different from the one previously litigated." *Selective Way Ins.,* 119 A.3d at 1035 (citation omitted).

The Nowickis do not attempt to address the trial court's conclusion that the Nowickis raised and litigated the same issue—whether Appellees made false and misleading statements in the Crown renewed motion for summary

- 10 -

judgment—in both their prior litigation and their complaint in the instant action. The Nowickis' conclusory allegations in no way establish that the trial court erred by finding the issue decided in the prior litigation was the same one raised in this case.

The Nowickis also claim they did not have a full and fair opportunity to litigate the issue. In support, they assert they were precluded from engaging in full discovery with regard to the Crown renewed motion for summary judgment and had they been allowed to do so, they would have been able to prove their claims. The Nowickis cite to no case law in support of this underdeveloped claim. Nor do they attempt to address, much less challenge, the trial court's conclusion below that the Nowickis conceded in their complaint in the instant action and again at oral argument on the motion for judgment on the pleadings that they had the opportunity to and had, in fact, previously litigated the purported falsity of statements in the Crown renewed motion for summary judgment in the prior litigation. *See* Trial Court Opinion, 9/29/2023, at 18-19. They also do not address the trial court's additional findings that:

> [T]he written decisions in the Prior Litigation to which [the Nowickis] make reference in their filings reveal that both this court and the Superior Court addressed the very issue raised by [the Nowickis] here. In fact, this court included a specific section within its 1925(a) Opinion directed to such purported fraudulent statements. Therein, the Court set forth the test to be used to determine whether a party has committed a fraud upon the Court. One of the elements of such a test is that the fraudulent statement must deceive the court. The court then noted that [the Nowickis] had "not identified any specific statements which were intentionally fabricated, fraudulent, or misleading." [The Superior Court agreed on appeal.]

- 11 -

It may well be that [the Nowickis] regret having not provided the requisite specificity to this court and to the Superior Court as to the purported false statements which they then claimed were made by Appellees in the [Crown Renewed] Motion for Summary Judgment. However, that misstep does not equate to being denied an opportunity to fully and fairly litigate an issue. That opportunity was clearly provided to [the Nowickis]. Thus, the court properly concluded that [the Nowickis'] claims are barred by the Doctrine of Collateral Estoppel.

*Id.* at 19-20 (citations, footnote, and unnecessary capitalization omitted)

We see no error in the court's conclusions and, again, the Nowickis' bald assertions to the contrary do not persuade us otherwise.

In their second claim of error, the Nowickis claim the court abused its discretion by granting the motions for sanctions. They summarily argue that they followed the requirements of the Rule and they are improperly being penalized for bringing an action that ultimately turned out to be unsuccessful. This claim does not provide any basis for relief.

We note, first, that the Nowickis do not reference Section 2503 in their argument section at all. Therefore, any challenge to the court's granting of the motion for sanctions pursuant to Section 2503 is waived. As for their claims regarding Rule 1023.1, their claims, to the extent they are not waived, are meritless.

Rule 1023.1 "specifically authorizes sanctions for pleadings, written motions, and other papers directed to the court that are presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" *Raynor v. D'Annunzio*, 243

A.3d 41, 55 (Pa. 2020) (citation omitted); *see* Pa.R.C.P. 1023.1(c)(1). "We review a trial court's ruling on a motion for sanctions for an abuse of discretion." ***Green v. Trustee of University of Pennsylvania***, 265 A.3d 703, 710 (Pa. Super. 2021) (citation omitted).

Here, in their Rule 1925(b) statement, the Nowickis argue the court "misappl[ied] the law with regard to 42 Pa. C.S. 1023.[(c)]1-4" and erred by granting the motion for sanctions pursuant to that section because they "brought this instant action [in good faith] for the modification or reversal of existing law or establishment of new law with regard to 'Judicial Privilege[.]'" Concise Statement of Errors Complained of on Appeal, 7/5/2023, at ¶¶ 10, 12. The Nowicki abandon this second assertion in their brief to this Court.

To the extent the claim the Nowickis do raise in their brief comports with their allegation in its Rule 1925(b) statement, it does not warrant any relief. The Nowickis' argument in no way addresses the court's findings that sanctions were warranted in this case. ***See*** Appellants' Brief, at 28-30. The record made clear the Nowickis brought this case because they were dissatisfied with the result of the prior litigation and because they refused to discontinue this action "even though they agree their claims relating to purported fraudulent statements by Appellees were addressed in the prior litigation." Trial Court Opinion, 9/29/2023, at 23-24 (unnecessary capitalization omitted). This refusal, the trial court concluded, caused Appellees to incur unnecessary expense. We see no abuse of discretion in the

court's decision to grant Appellees' motion for sanctions pursuant to Rule 1023.1.

In their final claim, the Nowickis present their contention that "the referencing of 126 matters in the Bucks County Court of Common Pleas that have involved Allan J. Nowicki *may* demonstrate judicial prejudice on the part of the Trial Judge and the appearance of impropriety." Appellant's Brief, at 30. (emphasis in original). This speculative claim is waived for several reasons, including the fact that it is not in the statement of questions involved. It also is completely undeveloped and fails to cite to any legal authority at all. No relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/23/2024

- 14 -